UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

EUGENE HART JR.,
Plaintiff,

v.

ROBERT LEE HART, et al.,
Defendants.

Case No. 26-cv-07957-TSH

**REQUEST FOR REASSIGNMENT WITH REPORT AND RECOMMENDATION**

## I. INTRODUCTION

Plaintiff Eugene Hart Jr. initiated this action on July 30, 2026 by filing a complaint (ECF No. 1) and application to proceed in forma pauperis (ECF No. 2). On August 7 the Court granted the application but found the complaint deficient under 28 U.S.C. § 1915(e). ECF No. 4. The Court ordered Plaintiff to file a first amended complaint curing the identified deficiencies by September 4, 2026 and warned that failure to comply could result in reassignment to a district judge with a recommendation of dismissal. After Plaintiff failed to respond, the Court ordered Plaintiff to show cause by October 13, 2026 why the action should not be dismissed for failure to prosecute and failure to comply with court orders. ECF No. 10. The Court again warned Plaintiff that failure to respond could result in dismissal. As of today, no response has been received.

Based on this procedural history, the undersigned finds it appropriate to dismiss this case for failure to prosecute. As not all parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c), the undersigned requests reassignment to a district judge for disposition, with the recommendation that the Court **DISMISS** this case **WITHOUT PREJUDICE** for failure to prosecute and failure to comply with court orders.

United States District Court
Northern District of California

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) authorizes district courts to dismiss an action sua sponte "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33 (1962) (dismissal for failure to prosecute); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court orders); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Dismissal nonetheless is a harsh penalty and should be used only in extreme circumstances. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether dismissal is appropriate for the failure to comply with court orders or the failure to prosecute, courts consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish*, 191 F.3d at 990).

## III. DISCUSSION

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (internal quotations and citation omitted). In view of the failure to prosecute this matter and comply with court orders, this factor weighs in favor of dismissal.

Second, the Court's need to manage its docket will be served by dismissal. *Id.* ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.") (citing *Ferdik*, 963 F.2d at 1260-61). Keeping a case like this open on the docket, where Plaintiff failed to move the case forward, burdens the Court and clutters the docket. *See id.* ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."). Therefore, this factor also weighs in

United States District Court
Northern District of California

favor of dismissal.

Third, a defendant is prejudiced where the "plaintiff's actions impaired [the] defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* (internal quotations and citation omitted). While the "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," the risk of prejudice is also related to the plaintiff's reason for defaulting. *Id.* at 642-43. Despite being given ample opportunity to do so, Plaintiff has provided no explanation for failing to prosecute this matter and failing to comply with the Court's orders. This failure to offer any explanation weighs in favor of dismissal. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) ("[A] presumption of prejudice arises from a plaintiff's unexplained failure to prosecute."); *Chico v. Wells Fargo Bank*, 2020 WL 2494506, at *2 (N.D. Cal. May 14, 2020) (plaintiff's failure to provide any reason for the failure to prosecute "counsels in favor of dismissal."). The undersigned is cognizant that the delay here only risks such prejudice (as opposed to a situation where prejudice has been shown to actually exist), and thus finds this factor only marginally favors dismissal.

Fourth, "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262. The Court has already attempted less drastic sanctions without success, including issuing a show cause order and giving Plaintiff an opportunity to explain the failure to prosecute. *See Villalobos v. Vilsack*, 601 F. App'x 551, 552 (9th Cir. 2015) (affirming district court's dismissal without prejudice for failure to prosecute after the plaintiff did not respond to order to show cause). Further, as Plaintiff failed to respond, another order requiring a response is likely to be futile. *See*, *e.g.*, *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead). Moreover, the Court warned Plaintiff of the risk of dismissal, so Plaintiff cannot argue the Court failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) (citation omitted); *Ferdik*, 963 F.2d at 1262. This factor weighs in favor of dismissal.

Fifth, "the public policy favoring disposition of cases on their merits strongly counsels against dismissal." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *Id.* Thus, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Although this factor typically weighs against dismissal, Plaintiff failed to move this case toward disposition on the merits. This factor therefore marginally favors dismissal.

## IV. CONCLUSION

Based on the analysis above, the undersigned finds at least four of the five factors weigh in favor of dismissal. As Plaintiff failed to prosecute, dismissal is appropriate. However, a less drastic alternative is dismissal without prejudice, which both minimizes prejudice to a defendant and preserves a plaintiff's ability to seek relief. *See Ferdik*, 963 F.2d at 1262. Thus, "[i]n an abundance—perhaps overabundance—of caution," the undersigned finds dismissal without prejudice is appropriate. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (remanding to the district court to consider whether dismissal should have been without prejudice).

As not all parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c), the undersigned requests this case be reassigned to a district judge for disposition, with the recommendation that the Court **DISMISS** this case **WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's deadlines and orders.

Any party may serve and file objections to this Report and Recommendation within 14 days after being served. Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time may waive the right to appeal the district court's order.

The Court again advises Plaintiff that free legal help is available through the Northern District of California's Legal Help Centers, a free service offered by the Justice & Diversity

United States District Court
Northern District of California

Center of the Bar Association of San Francisco. Plaintiff may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at https://cand.uscourts.gov/representing-yourself/free-legal-help-people-without-lawyers.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO RECOMMENDED.**

Dated: October 19, 2026

THOMAS S. HIXSON
United States Magistrate Judge